

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

JUN 20 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re                                    )    Case No. 12-24218-C-13
                                         )
FREDA HINES,                             )
                                         )
            Debtor(s).                   )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION
### DENYING MOTION FOR RELIEF FROM ORDER

Freda Hines, the Chapter 13 Debtor has filed an *ex parte* motion for relief from an order granting relief from the automatic stay to Wells Fargo Bank, N.A., to proceed with exercising and enforcing its non-bankruptcy rights and remedies to obtain possession of the property commonly known as 3090 Swansea Way, Rancho Cordova, California.  The order was filed on June 11, 2012.  Dckt. 64.  On June 15, 2012, Ms. Hines filed the present *ex parte* motion for relief.  No proof of service has been filed for the present motion.

In seeking relief from the order vacating the automatic stay, Ms. Hines states the following grounds:

1.    Ms. Hines filed a "motion to value collateral from stay" on or about May 16, 2012, which was in the appropriate time to respond to a motion to value.

2.    On or about May 21, 2012, Ms. Hines served on Wells Fargo Bank, N.A. a Qualified Written Request in accordance with RESPA. This is stated to have been faxed and mailed via certified mail ten days before the hearing on the motion for relief from stay.

3.    A copy of the Qualified Written Request was sent to the Consumer Financial Protection Bureau and to the Office of the Comptroller of the Currency.

Therefore, based on those grounds, Ms. Hines asserts that she is entitled to relief from the order vacating the automatic stay. Ms. Hines has also provided her declaration, in which she asserts that (1) her motion to value collateral from stay filed on May 16, 2012, was not considered at the June 5, 2012 hearing on the motion for relief from the stay, and (2) Wells Fargo Bank, N.A. received the Qualified Written Request prior to the hearing on the motion for relief from the stay.  Dckt.  65.

**REVIEW OF THE FILES IN THIS CASE**

The motion for relief from the automatic stay was filed by Wells Fargo Bank, N.A. on May 9, 2012.  That motion was filed pursuant to Local Bankruptcy Rule 9014-1(f)(1), for which a written opposition was required to be filed and served at least 14 days prior to the June 5, 2012 hearing.  *See* notice of hearing for motion for relief from stay, Dckt. 27.  The only responsive pleading to the motion for relief from the stay was the Chapter 13 Trustee's statement of non-opposition.  Dckt. 63.

On May 18, 2012, Ms. Hines filed a pleading titled "Amended –

1  Motion  to  Value  Collateral;  Debtor.  Points  and  Authorities;
2  Declaration of Debtor in Support of Motion (Wells Fargo Bank)."
3  Dckt.  46.    The  caption  also  includes  the  address  for  the
4  3090 Swansea Way, Rancho Cordova, California property.  The first
5  two pages of this pleading are notice that a hearing has been
6  scheduled on the motion to value for September 24, 2012.  (No
7  explanation is provided for why the hearing on a motion which
8  requires either 14 days' or 28 days' notice under Local Bankruptcy
9  Rule 9014 is set for hearing on 129 days' notice.)

10       Page 3 of the pleading consists of a summary and points and
11  authorities.  The summary states that Wells Fargo Bank claims to
12  have a security interest in Ms. Hines property, but that Wells
13  Fargo Bank has failed to file a proof of claim in her bankruptcy
14  case.   It further states that the motion for relief from the
15  automatic stay is supported by a copy of a "Trustee Deed Upon
16  Sale," but no "Grant Deed" was attached to that motion for relief
17  from the stay.  It is contended that Ms. Hines wants to question
18  Wells Fargo Bank as to its standing, have it produce the original
19  note, and file an adversary proceeding.  It is asserted that until
20  Wells Fargo Bank can show they legally acquired the note, the
21  automatic stay must be reinstated.

22                **RELIEF FROM A JUDGMENT OR ORDER**
23       The reconsideration of a judgment or order is governed by
24  Federal Rule of Civil Procedure 60(b), as made applicable in this
25  case by Federal Rule of Bankruptcy Procedure 9024, which
26  incorporates minor modifications that do not apply here.  Grounds
27  for relief from a final judgment, order, or other proceeding are
28  limited to:

3

1    (1)  Mistake, inadvertence, surprise, or excusable neglect;

2    (2)  Newly discovered evidence that, with reasonable

3         diligence, could not have been discovered in time to move

4         for a new trial under Rule 59(b);

5    (3)  fraud (whether previously called intrinsic or extrinsic),

6         misrepresentation, or misconduct by an opposing party;

7    (4)  The judgment is void;

8    (5)  The judgment has been satisfied, released, or discharged;

9         it is based on an earlier judgment that has been reversed

10        or vacated; or applying in prospectively is no longer

11        equitable; or

12    (6)  Any other reason that justifies relief.

13  Fed. R. Civ. P. 60(b).  The court uses equitable principles when

14  applying Rule 60(b).  *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE

15  AND PROCEDURE § 2857 (3rd ed. 1998).  No grounds under Rule 60(a),

16  clerical error, oversight or omission in the order has been shown.

17   In considering such a motion in connection with a default judgment

18  (similar to a ruling on a motion for which the court had no

19  opposition in front of it, the court also considers (1) whether the

20  movant/plaintiff will be prejudiced, (2) whether the

21  defendant/respondent has a meritorious defense, and (3) whether

22  culpable conduct of the defendant/respondent led to the default.

23  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

24                          **DISCUSSION**

25      The substance of the argument for relief from the automatic

26  stay boils down to (1) Ms. Hines, a self-represented litigant,

27  filed a separate motion to value the collateral of Wells Fargo

28  Bank, N.A. disputing the Bank's right to proceed in enforcing its

4

interests, (2) Ms. Hines seeks to challenge the Bank's standing and wants it to produce the original note, and (3) the automatic stay should remain in place until Wells Fargo Bank, N.A. can prove that it has the original note.

In addition to the motion to value, Ms. Hines filed a Chapter 13 Plan on May 18, 2012. Dckt. 45. The plan does not provide for (1) any monthly payments to be made to the Chapter 13 Trustee, (2) any period of time which plan payments are to be made to the Chapter 13 Trustee, (3) any payment of Class 1 secured claims (including the claim alleged to be secured by her home), (4) any Class 2 secured claims, (5) surrender of property to creditors holding Class 3 secured claims, (6) any Class 4 secured claims, (7) any Class 5 priority claims, (8) any Class 6 unsecured claims, and (9) any class 7 general unsecured claims. The Plan is not signed by the Debtor, and is merely a blank plan form which has Ms. Hines Chapter 13 case number and name written in the caption for this pleading.

Schedule A filed by Ms. Hines lists the Swansea Way property as an asset with a value of $91,500.00 and subject to secured claims in the amount of $91,500.00. Schedule D lists "Wells Fargo" as having an unliquidated secured claim in the amount of $101,916.37. The collateral for the secured claim is not identified, but no other creditors with secured claims are listed on Schedule D. Schedule E lists no priority claims and Schedule F lists no general unsecured claims. The only creditor listed by Ms. Hines is "Wells Fargo." Dckt. 17.

A motion for relief from the automatic stay is a limited scope proceeding addressing only the issues arising under 11 U.S.C.

1   § 362. *See Hamilton v. Hernandez*, No. CC-04-1434-MaTK, 2005 Bankr.

2   LEXIS 3427 (B.A.P. 9th Cir. Aug. 1, 2005), relief from stay

3   proceedings are summary proceedings which address issues arising

4   only under 11 U.S.C. Section 362(d). *Hamilton*, 2005 Bankr. LEXIS

5   3427 at *8-*9 (citing *Johnson v. Righetti (In re Johnson)*, 756 F.2d

6   738, 740 (9th Cir. 1985)). The court does not determine underlying

7   issues of ownership, contractual rights of parties, or issue

8   declaratory relief. To the extent that a dispute exists, it is

9   clear that Ms. Hines seeks to litigate the ownership of the note

10  and obtain a declaration of Wells Fargo Bank, N.A. rights

11  thereunder, if any. Such is well beyond the scope of a summary

12  relief from stay proceeding, and must be a separate civil action

13  commenced as an adversary proceeding pursuant to Federal Rule of

14  Bankruptcy Procedure 7001, or an action commenced in the District

15  Court (if federal jurisdictional grounds exist) or the state court.

16      As set forth in the court's findings in granting the motion

17  for relief from the automatic stay, Wells Fargo Bank, N.A. sought

18  relief to enforce rights it asserts exist pursuant to a Trustee's

19  Deed. Civil Minutes, Dckt. 63. In addition to a copy of the

20  Trustee's Deed, Wells Fargo Bank, N.A. also provided the court with

21  a copy of a state court writ of possession for the Swansea Way

22  Property. Exhibits 1, 6, Dckt 29. For a motion for relief from

23  this automatic stay, this presented the court with a colorable

24  claim and basis for Wells Fargo Bank, N.A. to obtain relief from

25  the automatic stay to enforce any rights arising from any interests

26  in the Swansea Way Property.

27      The motion to value does not alter the colorable claim

28  asserted by Wells Fargo Bank, N.A. seeking relief from the

6

automatic stay.  The phrase "motion to value" is commonly used in connection with a motion for the court to value the secured portion of a creditor's claim pursuant to 11 U.S.C. § 506(a).  In such a motion the court does not determine the respective rights of the parties in the claim, but determines the value of the collateral and what portion of that value, if any, exists to secure the claim at issue.  The pleading titled "Motion to Value Collateral" does not seek such relief.  Dckt. 35.  Rather, it states an indirect opposition to the motion for relief, stating that Ms. Hines wants to challenge the validity of Wells Fargo Bank, N.A. asserting any interest arising from the note secured by her property.  Though not presented to the court at the time of the hearing, such a contention does not state an opposition to relief from the stay. Rather, it clearly states that Ms. Hines desires and intends to litigate the extent and validity of any interest of Wells Fargo Bank, N.A. in the note and the Swansea Way Property – which issues must be litigated in an adversary proceeding, District Court action (if federal jurisdiction exists) or a state court action.

Additionally, the Chapter 13 bankruptcy case does not provide for the payment of the admitted secured claim, whoever is the creditor.  Rather, the bankruptcy case appears to exist for no purpose other than Ms. Hines to obtain protection from the automatic stay.  If she has a *bona fide* dispute to litigate with Wells Fargo Bank, N.A., she may do so in the appropriate District Court or state court action – for which both courts may issue such preliminary injunctive relief to maintain the *status quo* as warranted.  The automatic stay is not a free floating injunction which bypasses the normal requirements for injunctive relief, such

1  as Federal Rule of Civil Procedure 65, except as appropriate for
2  the administration of the bankruptcy estate or prosecution of a
3  confirmable plan.  There is no confirmable bankruptcy plan before
4  the court, no plan which addresses any liens against any property
5  of Ms. Hines, and no plan which provides for payment of creditor
6  claims.  There are no creditors, taking Ms. Hines at her word under
7  penalty of perjury on the schedules, for which any debt is to be
8  paid through any plan on this case, other than possibly the claim
9  or interests of Wells Fargo Bank, N.A.

10                              **RULING**

11      Freda Hines has not shown grounds for granting relief from the
12  order vacating the automatic stay allowing Wells Fargo Bank, N.A.
13  to proceed with enforcing its rights, whatever they may be, to
14  obtain possession of property commonly known as the 3090 Swansea
15  Way, Rancho Cordova, California.  Ms. Hines may assert whatever
16  rights she has, and contest the interests of Wells Fargo Bank,
17  N.A., unimpeded by the order vacating the stay.  This does not
18  prejudice Ms. Hines in this bankruptcy case.  Further, even if the
19  court had been presented with the information presented in the
20  motion to value collateral as an opposition to the motion for
21  relief, it does not state a meritorious defense.  Further, it
22  demonstrates that any issues to be resolved between Ms. Hines and
23  Wells Fargo Bank, N.A. over its colorable claim based on the
24  Trustee's Deed, must be litigated in a forum other than a motion
25  for relief.

26      The Motion for Relief From Judgement/Order is denied.  This
27  Memorandum Opinion and Decision constitutes the court's findings of
28  fact and conclusions of law pursuant to Federal Rule of Civil

Procedure 52 and Federal Rules of Bankruptcy Procedure 9014 and
7052.  The court shall issue a separate order consistent with this
Decision.

Dated: June 20, 2012

RONALD H. SARGIS, Judge
United States Bankruptcy Court

### CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Freda Hines
3090 Swansea Way
Rancho Cordova, CA 95670

Angie Marth
15000 Surveyor Blvd
Addison, TX 75001

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

DATE: 6/21/12

Deputy Clerk